UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LUC NGUYEN AND NHUAN NGUYEN

CIVIL ACTION

VERSUS

NUMBER 14-242-BAJ-SCR

PROGRESSIVE GULF INSURANCE
COMPANY, ET AL

### ORDER TO AMEND NOTICE OF REMOVAL

Defendant Progressive Gulf Insurance Company removed this case asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. Defendant alleged in its Notice of Removal that the plaintiffs are Louisiana citizens and defendant CAO Transport and Logistics, LLC is "a Mississippi corporation with its principal place of business in the State of Mississippi."

When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in accordance with § 1332(a) and ©).[1]

Under § 1332(c)(1) a corporation is deemed to be a citizen of any state in which it is incorporated, and of the state in which it has its principal place of business. For purposes of diversity, the citizenship of a limited liability company is determined by

---

[1] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662).

considering the citizenship of all its members.² Thus, to properly allege the citizenship of a corporation the party asserting jurisdiction must alleged both the state(s) of incorporation and the principal place of business.  For a limited liability company, the party asserting jurisdiction must identify each of the entity's members and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).³

Use of the term "LLC" in the name of an entity indicates it is organized as limited liability company rather than a corporation. When the party is a limited liability company, the state where it is organized and where it has its principal place of business do not determine its citizenship.  Defendant's jurisdictional allegations as to defendant CAO Transport and Logistics, LLC are not sufficient to establish diversity jurisdiction, if the defendant a limited liability company.

Therefore;

IT IS ORDERED that defendant Progressive Gulf Insurance Company shall have 14 days to file an Amended Notice of Removal

---

² *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990).

³ The same requirement applies to any member of a limited liability company which is also a limited liability company or a partnership.  *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D.La. Sept. 24, 2007)(when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are).

which clarifies whether defendant CAO Transport and Logistics, LLC is organized as a corporation or a limited liability company, and if the latter properly alleges the citizenship of defendant.

**Failure to comply with this order may result in the case being remanded for lack of subject matter jurisdiction without further notice.**

Baton Rouge, Louisiana, April 23, 2014.

                                                                                    *Stephen C. Riedlinger*
                                                                                    STEPHEN C. RIEDLINGER
                                                                                    UNITED STATES MAGISTRATE JUDGE